IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SYLVESTER BAISDEN,

        Plaintiff,

v.                                         1:14-cv-02680-WSD

TINDALL CORPORATION,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on the Amended Notice of Removal filed by Defendant Tindall Corporation on September 25, 2014 [16].

On August 19, 2014, Defendant removed this personal injury action from the Superior Court of Clayton County, Georgia. Defendant asserted in the Notice of Removal that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Notice of Removal alleged that "Plaintiff is a resident of Georgia." Notice and Petition of Removal at 2.

On September 24, 2014, the Court entered an Order directing the Defendant to file, on or before October 1, 2014, an Amended Notice of Removal. In its September 24, 2014, Order, the Court stated that it was unable to determine whether diversity jurisdiction exists in this matter because the Notice of Removal

failed adequately to allege Plaintiff's citizenship.  The Court found Defendant's allegation that "Plaintiff is a resident of Georgia" is insufficient to establish diversity jurisdiction because "residence alone is not enough" to show citizenship.  Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013).  "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'"  Id. (internal quotation marks and citations omitted).  The Court's September 24, 2014, Order, warned Defendant that the Court is required to dismiss this action, unless Defendant filed an Amended Notice of Removal alleging facts sufficient to show the Court's jurisdiction.  Id. at 1268-69.

On September 25, 2014, Defendant filed a defective Supplemental Notice of and Petition for Removal, in which it alleged that "Plaintiff . . . is an individual and resident of Georgia."  Supplemental Notice of and Petition for Removal at 1.  Despite the fact that the Court specifically apprised the Defendant regarding why the Notice of Removal failed to adequately allege diversity of citizenship under § 1332, Defendant failed to correct the deficiency and merely repeated the defective allegations regarding Plaintiff's citizenship made in the original Notice of Removal.  Defendant's failure to allege adequately the Plaintiff's citizenship requires the Court to dismiss this case without prejudice for lack of subject matter

jurisdiction.  See Butler v. Morgan, 562 F. App'x 832, 836 (11th Cir. 2014) (affirming dismissal for failure to adequately allege citizenship because the district court *sua sponte* allowed plaintiff to amend his original complaint once to cure the deficiency, and the district court was not required to consider additional or amended pleadings because further amendment was futile); Variable Annuity Life Ins. V. Adel, 197 F. App'x 905, 906 (11th Cir. 2006) ("Of course, if the amendments show that there is no diversity of citizenship, the district court must dismiss the action.") (citations omitted); McGovern v. American Airlines, Inc., 511 F.2d 653, 654 (5th Cir. 1975) (declining the plaintiff an opportunity to amend after the district court dismissed the complaint without prejudice because he "had shown in a second plea to the trial court no inclination to cure the jurisdictional defect even though[] [he was] on notice of the defect[ive] [pleading].").[1]

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that because the Court lacks subject matter jurisdiction over this action due to Defendant's deficient Complaint, this matter is **DISMISSED WITHOUT PREJUDICE** and the case hereby is **REMANDED** to the Superior Court of Clayton County, Georgia.

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the Fifth Circuit rendered prior to October 1, 1981.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk is directed to **CLOSE** this case.

**SO ORDERED** this 7th day of November, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE